### KIMBALL v. GREEN.

GIFTS — CAUSA MORTIS — ESTABLISHMENT — EVIDENCE — SUFFICIENCY.

On a bill to establish complainant's title to a certain note and mortgage claimed as a gift causa mortis, from deceased intestate, by delivery and without written assignment, evidence examined, and *held*, insufficient to establish complainant's claim.

Appeal from St. Clair; Tappan, J. Submitted April 16, 1907. (Docket No. 55.) Decided April 30, 1907.

Bill by Harriet E. Kimball against Isaac P. Green, special administrator of the estate of Louis Almond, deceased, to establish a title to a certain note and mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

*Cyrus A. Hovey*, for complainant.

*Benedict & Schell* (*Avery & Walsh*, of counsel), for defendant.

MOORE, J. This is a proceeding in equity to establish

complainant's title to a certain note and mortgage claimed as a gift causa mortis, from the deceased intestate, by delivery and without written assignment. Louis Almond, the deceased intestate, at the time of his death was about 75 years of age.

It is the claim of complainant that on December 26, 1904, being then in possession of the note and mortgage, and conscious of approaching dissolution, Mr. Almond called complainant to the room where he was sitting, and in the presence of her husband and daughter, whom he had previously called, gave her the note and mortgage and made delivery thereof to her. The case was tried in open court. The court decreed that the legal title to the note and mortgage be confirmed in the estate of deceased, and dismissed the bill of complaint.

We agree with the solicitor for complainant that the important question in the case is one of fact. The record is somewhat voluminous. We have examined it with care. It would profit no one to set out in detail what it contains. It does show, however, that Mr. Almond was a man of intelligence, and that he had the note and mortgage with him when it is claimed he gave them to complainant. The note was payable to " Louis Almond or order." Mr. Almond did not indorse it. The record also shows that the complainant filed a petition after his death for the appointment of her brother-in-law as administrator, in which petition she stated " that said deceased had personal estate situated and being in the county of St. Clair, aforesaid, of the estimated value of $500 and upwards." The record shows that, excluding the note and mortgage, deceased did not have $50 worth of personal property. See *Bellis* v. *Lyons*, 97 Mich. 398. There is other testimony of much significance. We have no doubt the court below reached a right conclusion.

The decree is affirmed, with costs.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.